UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
TEDY PIERRE,

               Petitioner,                        **MEMORANDUM & ORDER**
                                                           13-CV-6558 (RRM)
     - against -

THOMAS GRIFFIN,

               Respondent.
-------------------------------------------------------------X

ROSLYNN R. MAUSKOPF, United States District Judge.

      Petitioner *pro se* Tedy Pierre brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his January 18, 2007, convictions in the New York State Supreme Court, Kings County. (Pet. (Doc. No. 1) at 1.) On December 4, 2013, this Court ordered the Attorney General of the State of New York or the District Attorney of Kings County, as attorney for respondent Griffin, to show cause why a writ of habeas corpus should not be issued. (*See* Doc. No. 4.) On December 5, 2013, the Court granted petitioner's motion for leave to proceed *in forma pauperis*.

      For the reasons stated herein, the Court orders petitioner Pierre to submit additional information in support of his petition, on or before October 30, 2014.

## BACKGROUND

      According to his petition, on January 18, 2007, Pierre was convicted of one count of rape in the first degree, five counts of sexual abuse in the first degree, two counts of criminal sexual acts in the first degree, and three counts of endangering the welfare of a child. (Pet. at 1.) His convictions were affirmed by the Appellate Division on May 10, 2001, *see People v. Pierre*, 924 N.Y.S. 2d 797 (N.Y. App. Div. 2011), and by the New York Court of Appeals on September 1,

2011, *People v. Pierre*, 956 N.E. 2d 807 (N.Y. 2011). (*See also* Pet. at 2.) In this petition, Pierre lists a single claim alleging that the "[c]umulative effect of counsel's errors deprived [him] of his constitutional right [to] the effective assistance of counsel, and a fair trial." (*Id.* at 4.) Pierre alleges that he raised this claim following his conviction through a motion pursuant to N.Y. Crim. P. L. § 440.10(1)(h), that the claim was denied, and that he appealed that denial.[1] (*See* Pet. at 5.) Pierre also indicates that he currently has an appeal pending in the Appellate Division, Second Department. (*See id.* at 9.)

On January 8, 2014, the Kings County District Attorney filed a letter purporting to inform the Court that Pierre's claim for ineffective assistance of appellate counsel was the subject of a motion for a writ of error *coram nobis* currently pending before the New York State Supreme Court, Appellate Division, Second Department. (*See* Doc. No. 6.) It seems that respondent read Pierre's petition to raise five separate claims.[2] (*See id.* at 1.) As federal habeas review is not available for unexhausted claims, *see* 28 U.S.C. §§ 2254(b) and (c); *Rose v. Lundy*, 455 U.S. 509, 520 (1982), respondent requested that the Court stay this action to permit Pierre to exhaust his claim in state court.

On January 8, 2014, the Court directed Pierre to file a letter responding to respondent's request for a stay no later than January 22, 2014.[3] Having received no response, on March 31, 2014, the Court ordered respondent to file a letter updating the Court as to the status of the case and advising whether respondent still sought a stay. (*See* Order dated Mar. 31, 2014.) On April

---

[1] Neither Pierre nor respondent provided citations for these proceedings.

[2] Respondent only argues that a claim for ineffective assistance of appellate counsel is unexhausted. Respondent does not suggest that the petition contains any other unexhausted claims. (Doc. No. 6.)

[3] The Court also directed respondent to comply with all rules regarding notice to a *pro se* litigant, to mail a copy of the Court's Order to petitioner, and to file a letter indicating its compliance. (*See* Order dated Jan. 8, 2014.) Respondent filed a letter confirming service on January 9, 2014. (*See* Doc. No. 7.)

7, 2014, respondent filed a letter indicating that Pierre's *coram nobis* motion was still pending before the Appellate Division, and renewed its request for a stay. (Doc. No. 8.)

On April 22, 2014, however, respondent filed another letter indicating that it "ha[d] received petitioner's letter dated April 16, 2014, stating that petition did not raise an ineffective assistance of appellate counsel claim . . . ." (*Id.*) Respondent's letter goes on to explain that respondent had "concluded that petitioner was raising a claim of ineffective assistance of appellate counsel . . . since [petitioner] included that claim in the argument portion of his addendum," which appears to be an excerpt from a brief filed in state court on Pierre's behalf.[4] (*Id.*) Respondent requested that the Court "order petitioner to clarify whether petitioner is now withdrawing the claim of ineffective assistance of appellate counsel . . . in order to determine whether a stay is necessary for defendant to exhaust that claim in state court." (*Id.*) As of April 22, 2014, however, the Court had not received any letters from Pierre.

On April 23, 2014, the April 16 letter from Pierre to which respondent had referred was filed on the docket.[5] Pierre's letter states that it is in response to "respondent's letter [asking] for an extension of time to file an [a]nswer." (Doc. No. 10.) The letter clearly states that, "[f]or the sake of clarity, the petition did not list an ineffective assistance of appellate counsel claim as a ground for prospective relief," and therefore Pierre did not believe that his petition was "mixed." (*Id.*) Nevertheless, Pierre also wrote that "if staying the petition would allow the respondents

---

[4] The Court notes that the portion of the addendum that respondent cites as the source of its confusion mentions ineffective assistance of appellate counsel only in a heading at the end of the final page of the attachment. (*See* Pet. at 23.) No argument or other text follows the heading. (*See id.*) As Pierre broadly claimed a deprivation of "his right [to] the effective assistance of counsel" and a "fair trial" based on the "[c]umulative effect of counsel's errors," however, respondent's caution is understandable. (*Id.* at 4 ¶ 12.)

[5] Pierre's letter is dated April 16, 2014. (Doc. No. 10 at 1.) The attached image of the mailing envelope indicates that the letter was mailed on April 17, 2014. (*Id.* at 2.) Although the letter is stamped "FILED" on April 21, 2014, and is dated the same on the docket, the letter was not entered on the docket by the Clerk's Office until April 23, 2014. (*See* Dkt. Text Accompanying Doc. No. 10.) Thus, the Court did not receive Pierre's April 16 letter until after it received respondent's April 22 letter.

3

[the] time they need to bring about the speedy resolution of the claims, which will result in my immediate release from custody," he had no objection to respondent's request for a stay. (*Id.*)

## DISCUSSION

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), a federal court may review a petition for a writ of habeas corpus only to the extent that the petitioner has "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); *see also Caballero v. Keane,* 42 F.3d 738, 740 (2d Cir. 1994). Exhaustion "mandates a habeas petitioner to have 'fairly presented' in state court the claims that are raised in the habeas petition." *Bohan v. Kuhlmann*, 234 F. Supp. 2d 231, 243 (S.D.N.Y. 2002), *aff'd*, 66 F. App'x 277 (2d Cir. 2003), *cert. denied*, 540 U.S. 1213 (2004) (quoting *Picard v. Connor,* 404 U.S. 270, 275 (1971)). This means that each legal and factual allegation underlying a claim must first have been fairly presented to a state court. *See Rodriguez v. Hoke*, 928 F.2d 534, 538 (2d Cir. 1991). "In order to meet this requirement of 'fair presentation,' petitioner must at least complete direct state appellate review of those claims arising from his conviction. *Moorish Sci. Temple of Am., Inc. v. Smith*, 693 F.2d 987, 989 (2d Cir. 1982) (citing *Klein v. Harris*, 667 F.2d 274, 282–84 (2d Cir. 1981)).

The Court may stay and hold in abeyance a petition if it determines that "there was good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines v. Weber*, 544 U.S. 269, 277 (2005); *Henry v. Lee*, No. 12-CV-5483 (JG), 2013 WL 1909415, at *3 (E.D.N.Y. May 8, 2013). That rule, however, applies in cases where a petition is mixed – *i.e.* contains both exhausted and unexhausted claims. A stay and abeyance may not be warranted here if Pierre's petition raises only a single claim that is the subject of ongoing post-conviction proceedings in state court. Pending state proceedings may toll the time to file a petition under AEDPA, and the

absence of any other claims in Pierre's petition would render irrelevant the concerns that attend a mixed petition. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."); *see also Rhines*, 544 U.S. at 274–75. Under these circumstances, a dismissal without prejudice to refiling following exhaustion of the challenged claim might be more appropriate.[6] *See* 28 U.S.C. §§ 2254(b) and (c); *Rose*, 455 U.S. at 520; *see also* Rule 4 of the Rules Governing Section 2254 Habeas Corpus Cases in the United States District Courts, 28 U.S.C. foll. Sec. 2254 ("If it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

It is unclear whether Pierre's petition contains an unexhausted claim, because it is unclear exactly what claim or claims he seeks to raise. Pierre lists a single claim in his petition. (*See* Pet. at 4.) But that claim, which alleges that the "[c]umulative effect of counsel's errors deprived [Pierre] of his constitutional right [to] the effective assistance of counsel, and a fair trial," is phrased so broadly that it could easily encompass several claims. (*Id.*) And the Court must read the petition liberally, to raise the strongest arguments that it suggests. *See, e.g.*, *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001); *Nieves v. Artus*, No. 05-CV-3904 (RRM), 2013 WL 628334, at *2 (E.D.N.Y. Feb. 20, 2013). Moreover, despite formally listing only one claim in his petition, Pierre's subsequent letter refers to "the speedy resolution of the *claims*" in the

---

[6] The Court also notes that "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2); *Rhines*, 544 U.S. at 277 (observing that a "district court would abuse its discretion if it were to grant [a petitioner] a stay when his unexhausted claims are plainly meritless"); *Pratt v. Greiner*, 306 F.3d 1190, 1197 (2d Cir. 2002) (same). In this case, however, respondent filed a request for a stay in lieu of the record. Therefore, the Court cannot determine whether Pierre is entitled to relief and expresses no view on the merits of the petition.

5

petition. (Doc. No. 10 (emphasis added)). In addition, as respondent points out, the addendum to the petition contains facts and argument that may or may not relate to claims intended to be raised – but not explicitly set out – in the petition. Finally, although Pierre clearly indicates that "the petition did not list an ineffective assistance of appellate counsel claim as a ground for prospective relief," he also appears to consent to a stay that would delay resolution of an allegedly exhausted claim. (*Id*.) Such consent is potentially at odds with Pierre's assertion that his petition is not mixed. As such and out of an abundance of caution, the Court agrees that more clarity is needed with respect to the claims Pierre actually intended to raise.

## CONCLUSION

For the foregoing reasons, respondent's motion for an order directing petitioner to clarify his habeas claims (Doc. No. 9) is granted and the motion for a stay (Doc. No. 8) is denied at this time, pending receipt of the additional information ordered below.

**Petitioner Pierre is hereby ordered to file with the Court, on or before October 30, 2014, supplemental information which clearly sets forth the following:**

**(1) Each and every claim Pierre intends to assert and pursue in this habeas action;**

**(2) Whether each claim has been exhausted in state court; and**

**(3) The steps Pierre has taken to exhaust each claim or, if a claim is unexhausted, why he believes he is not required to exhaust that claim.**

Until further directed by the Court, respondent is granted an extension of time in which to file its response to the Court's Order to Show Cause. (*See* Doc. No. 4.)

The Clerk of Court is directed to transmit a copy of this Memorandum and Order to petitioner *pro se* via U.S. mail and to note the mailing on the docket.

SO ORDERED.

*Roslynn R. Mauskopf*

Dated: Brooklyn, New York
September 30, 2014

_____
ROSLYNN R. MAUSKOPF
United States District Judge