UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TEDY PIERRE,

                Petitioner,

- against -

THOMAS GRIFFIN,

                Respondent.
------------------------------------------------------------------X

**MEMORANDUM AND ORDER**
13-CV-6558 (RRM)

ROSLYNN R. MAUSKOPF, United States District Judge.

    Tedy Pierre brings this *pro se* petition for a writ of habeas corpus (the "Petition") pursuant to 28 U.S.C. § 2254. (Pet. (Doc. No. 1).) Pierre challenges his state conviction on the grounds that he did not receive effective assistance of trial counsel or a fair trial. Respondent opposes the petition. (Resp't Opp'n (Doc. No. 6).) For the reasons set forth below, the respondent's motion is granted, and Pierre's Petition is dismissed.

## BACKGROUND

### I.    Trial

    Pierre was charged in a 27-count indictment, alleging sexual misconduct involving his two cousins, 10-year-old Kimberly Jean and 11-year-old Cynthia Cadet. Pierre was charged with multiple counts of rape in the first degree, sexual abuse in the first and second degrees, attempted sexual abuse in the second degree, and criminal sexual act in the first degree. He was also charged with endangering the welfare of a child.

    At trial, Kimberly testified and described three incidents when Pierre penetrated her. She testified that Pierre had twice threatened her with violence if she were to tell anyone. Cynthia also testified at trial that, on three different occasions, during the summer, Pierre touched her chest and anus and penetrated her. Nahomie Alexis, Pierre's 12-year-old cousin, testified that

she witnessed one of the attacks and described seeing Pierre on top of Kimberly on the bed. Elordes Jean, Kimberly's grandmother, testified that she witnessed Pierre on top of Kimberly and confronted Pierre about it. Kercine Jean, Kimberly's aunt, and Marie Carole Pierre, Petitioner's stepmother, also testified. They said that Kimberly and Cynthia told each of them what happened. (Pierre Br. on Direct Appeal, Ex. A (Doc. No. 22) at 17–18.) Naomi Pierre, Petitioner's sister, testified that she had spoken with "the girls" about Pierre's misconduct as well. (*Id.* at 16.) In addition, Marie Carole testified that she called Petitioner to confront him and that he admitted to "hav[ing] sex with Kimberly." (*Id.* at 17.)

Dr. Richard DiPasquale, an expert in pediatrics and child sexual abuse, examined both Kimberly and Cynthia, and testified at trial that there were no physical signs of sexual abuse as to either child. Kimberly's and Cynthia's hospital records, which indicated that the evaluation was "normal," were admitted into evidence. Dr. Eileen Treacy testified that it is normal for child victims of sexual abuse not to disclose the abuse immediately. Pierre testified on his own behalf as well, and denied all the allegations against him.

## II.    Conviction and Sentencing

Pierre was convicted in Kings County Supreme Court of one count of Rape in the First Degree, two counts of Criminal Sexual Act in the First Degree, five counts of Sexual Abuse in the First Degree, and one count of Endangering the Welfare of a Child. (Gov't Aff. (Doc. No. 16) ¶ 10.) On January 18, 2007, Pierre was sentenced to concurrent terms of imprisonment of fifteen years on the rape count, seven years on each count of sexual abuse, fifteen years on each count of criminal sexual act, and one year on each count of endangering the welfare of a child. (*Id.* ¶ 13.) Pierre was also sentenced to five years of post-release supervision on the rape count

and to three years of post-release supervision on each count of criminal sexual act and first-degree sexual abuse. (*Id.*)

### III.   Direct Appeal

Pierre raised two claims on direct appeal: (1) the State failed to prove Pierre's guilt beyond a reasonable doubt, and the verdict convicting him was against the weight of the evidence; and (2) Pierre was deprived of a fair trial when the court improperly admitted evidence, pursuant to the "prompt outcry" exception to the hearsay rule, that the victims had told three relatives that Pierre abused them. (Pierre Br. on Direct Appeal at 34.)

The New York Appellate Division, Second Department, affirmed Pierre's conviction. It found that the verdict was not against the weight of the evidence, and that his remaining claims about the inadmissibility of certain evidence introduced at trial were either not preserved for appellate review or otherwise without merit. *People v. Pierre*, 84 A.D.3d 980 (2d Dep't 2011) ("*Pierre I*"). On September 1, 2011, the New York Court of Appeals denied Pierre's application for leave to appeal. *People v. Pierre*, 17 N.Y.3d 861 (2011) ("*Pierre II*").

### IV.   State Collateral Review and Coram Nobis Petition

On August 16, 2012, Pierre filed a *pro se* motion to vacate his judgment of conviction, under New York Criminal Procedure Law § 440.10(1)(h), in Kings County Supreme Court. For the first time, Pierre raised an ineffective assistance of trial counsel claim and faulted his attorney for failing to: (1) call an expert witness or to request a *Frye* hearing regarding the State's expert witness; (2) object to the "prompt outcry" evidence or to request limiting instructions; (3) object to the court's instructions on prompt outcry and on expert witnesses; (4) renew his motion to dismiss for legal insufficiency at the close of the State's case; and (5) conduct adequate investigation and cross-examination of the State's expert witness or to consult with a defense

3

expert. (Pl. Mot. to Vacate Br., Ex. G (Doc. No. 22) at 113.) On August 5, 2013, the Supreme Court denied Pierre's motion to vacate on several grounds. (Mot. to Vacate Order, Ex. J (Doc. No. 22) at 194.) To the extent Pierre sought to relitigate claims already presented to the Appellate Division on direct appeal, those claims were mandatorily barred. The Supreme Court further held that Pierre's remaining claims were procedurally barred under § 440.10 because Pierre could have, but did not, raise them on direct appeal. (*Id.* at 196.) The Supreme Court concluded, in addition, that Pierre's claims lacked merit. (*Id.*) On November 7, 2013, the Supreme Court, Appellate Division, denied Pierre's leave to appeal. (Ex. N (Doc. No. 22) at 215.)

On October 21, 2013, Pierre moved in the Appellate Division for a writ of *coram nobis*. (Ex. O (Doc. No. 22) at 217.) He contended that he received ineffective assistance of appellate counsel because his appellate attorney failed to raise an ineffective assistance of *trial* counsel claim on direct appeal. On May 28, 2014, the Appellate Division denied Pierre's motion for a writ of *coram nobis*. *People v. Pierre*, 117 A.D.3d 1087 (2d Dep't 2014).

V. **Federal Habeas Petition**

One month after filing his state *coram nobis* petition, Pierre filed a petition for a writ of habeas corpus in this Court. Pierre alleges that the "[c]umulative effect of counsel's errors deprived [him] of his constitutional right [to] the effective assistance of counsel, and a fair trial." (Pet. at 4.) He notes that he raised this claim in his post-conviction motion to vacate, that the claim was denied, and that he appealed that denial. (*Id.* at 5.) He also indicates that his petition for a writ of *coram nobis* was pending in the Appellate Division. (*Id.* at 9.) On the last page of Pierre's Petition, under a heading entitled, "Grounds raised in state court (writ of error coram nobis)," Pierre alleges that he received ineffective assistance of appellate counsel. (Pet. at 23.)

4

In response to Pierre's Petition, the Kings County District Attorney filed a letter, seeking clarification whether Pierre intended to bring an ineffective assistance of counsel claim with respect to both his trial and appellate counsel, or with respect to his trial counsel alone. (DA Ltr. (Doc. No 9).) Pierre responded that his Petition did not raise an ineffective assistance of appellate counsel claim. (Pierre Ltr. I (Doc. No. 10).) Nevertheless, this Court issued an Order, noting that Pierre's assertion that the "[c]umulative effect of counsel's errors deprived [Pierre] of his constitutional right [to] the effective assistance of counsel, and a fair trial" is phrased broadly enough to encompass several claims. (Memo. and Order (Doc. No. 11) at 5.) The Court directed Pierre to clarify what claim or claims he seeks to raise.

Pierre then filed another letter, reiterating that his habeas petition "raise[s] the same identical claim he presented to the state courts," namely "the cumulative effect of counsel's errors deprived him of his constitutional right to the effective assistance of counsel, and a fair trial." (Pierre Ltr. II (Doc. No. 12) at 5.) The respondent then filed a response to the Order to show cause, addressing Pierre's claim of ineffective assistance of trial counsel, and Pierre replied. (Resp't Br. (Doc. No. 16); Pet'r Reply (Doc. No. 17).)

## LEGAL STANDARD

District courts are empowered to review an application for a writ of habeas corpus on behalf of a person in state custody only insofar as the petition asserts a violation of the United States Constitution or other federal law. 28 U.S.C. § 2254(a). A state habeas petitioner must typically meet three requirements to obtain relief: (1) exhaustion and timeliness; (2) lack of a procedural bar; and (3) satisfaction of the deferential standard of review under the Antiterrorism and Effective Death Penalty Act ("AEDPA").

## I. Exhaustion and Timeliness

A state habeas petition "shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1). To satisfy that requirement, "the petitioner must have informed the state court of both the factual and the legal premises of the claim he asserts in federal court." *Rush v. Lempke*, 500 F. App'x 12, 14 (2d Cir. 2012) (quoting *Daye v. Attorney Gen.*, 696 F.2d 186, 191 (2d Cir. 1982) (en banc)). In New York, a defendant satisfies the exhaustion requirement by appealing the conviction to the Appellate Division "and then seeking leave to appeal to the New York Court of Appeals." *Chrysler v. Guiney*, 806 F.3d 104, 117 (2d Cir. 2015) (internal citation omitted).

AEDPA also imposes a one-year statute of limitations, which requires habeas petitioners to file their habeas claims within one year of the state judgment becoming "final." 28 U.S.C. § 2244(d)(1). The limitations period does not begin to run "until the completion of direct appellate review in the state court system and either the completion of certiorari proceedings in the United States Supreme Court, or – if the prisoner elects not to file a petition for certiorari – the time to seek direct review via certiorari has expired." *Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir. 2001). If the defendant does not "petition the Supreme Court for certiorari," the judgment becomes "final 90 days later." *Fuller v. United States*, 815 F.3d 112, 113 (2d Cir. 2016).

## II. Procedural Default

"A federal habeas court . . . may not review a related state court decision if that decision rests on a state law ground that is 'independent of the federal question and adequate to support the judgment.'" *Fulton v. Graham*, 802 F.3d 257, 262 (2d Cir. 2015) (quoting *Cone v. Bell*, 556 U.S. 449, 465 (2009)). "This prudential rule applies 'whether the state law ground is substantive or procedural.'" *Id.* (quoting *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)).

6

### III. AEDPA Deference

If a state court reached the merits of a federal claim asserted in a § 2254 habeas petition, AEDPA requires the federal habeas court to apply a highly deferential standard of review. Habeas relief may be granted only if the state court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The words "clearly established federal law" refer to "the holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of the relevant state-court decision." *Howard v. Walker*, 406 F.3d 114, 122 (2d Cir. 2005). The central question is "not whether the state court was incorrect or erroneous in rejecting the petitioner's claim, but whether it was objectively unreasonable in doing so." *Ryan v. Miller*, 303 F.3d 231, 245 (2d Cir. 2002) (internal quotation marks, alterations, and emphases omitted).

As for the state court's factual determinations, the federal habeas court "is required to presume that a state court's factual findings are correct and to place on the petitioner the burden of rebutting this presumption by clear and convincing evidence." *Fulton*, 802 F.3d at 262 (citing 28 U.S.C. § 2254(e)(1)).

## DISCUSSION

As an initial matter, the Court must determine what claims Pierre raises. As noted in this Court's prior Order, the Petition's broad wording – that his counsel's errors "deprived [Pierre] of his constitutional right [to] the effective assistance of counsel, and a fair trial" – conceivably raises several claims. Pierre's reply to the Court's previous Memorandum and Order somewhat

7

narrows the possible claims by clarifying that Pierre does not raise an ineffective assistance of appellate counsel claim. Pierre alleges, instead, that his trial attorney alone was ineffective. (*See* Pierre Ltr. II; Resp't Br. at 10–17.)

However, it remains unclear whether Pierre brings a separate deprivation of a fair trial claim in addition to his ineffective assistance of trial counsel claim. On direct appeal, Pierre argued that the evidence, admitted under the "prompt outcry" exception to hearsay, should have been excluded, and its admission deprived him of due process and of a fair trial. Pierre's most recent filings do not argue that the admission of certain evidence deprived Pierre of a fair trial. Nevertheless, because he specifically references deprivation of a fair trial, and out of an abundance of caution, the Court considers whether the admission of certain "prompt outcry" evidence at trial deprived Pierre of a fair trial, in addition to Pierre's claim that his trial counsel was ineffective. As explained below, Pierre's claim that he received ineffective assistance of counsel are procedurally defaulted. His claim that he did not receive a fair trial is without merit.

## I. Ineffective Assistance of Counsel

"If anything is settled in habeas corpus jurisprudence, it is that a federal court may not grant the habeas petition of a state prisoner unless it appears that the applicant has exhausted the remedies available in the courts of the State . . . ." *Aparicio v. Artuz*, 269 F.3d 78, 89 (2d Cir. 2001) (internal quotations omitted). Here, Pierre has done so, thereby fulfilling the exhaustion requirement.

In addition, Pierre's habeas petition is timely filed. The Court of Appeals denied Pierre's application for leave to appeal on September 1, 2011. This became a "final decision" 90 days later on November 30, 2011. Though Pierre did not file his habeas petition until November 22, 2013, the one-year statute of limitations is tolled while "a properly filed application for State

post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). In New York, a motion to vacate filed pursuant to New York Criminal Procedure § 440.10 is a collateral attack that tolls the statute of limitations. *See, e.g.*, *Collins v. Ercole*, No. 08-CV-7636 (AKH), 2010 WL 11507380, at *2 (S.D.N.Y. Mar. 19, 2010). Pierre filed his motion to vacate 260 days after his conviction became final, thereby stopping the one-year clock. The Court of Appeals denied Pierre's application for leave to appeal on November 7, 2013, and Pierre timely filed in this Court about two weeks later on November 22, 2013.

Though Pierre's Petition is timely and his claims are exhausted, the ineffective assistance of trial counsel claim is procedurally defaulted by Pierre's "failure to raise the issue on direct appeal in the state court." *Aparicio*, 269 F.3d at 90. Pierre has not presented any evidence to excuse this procedural default.

A federal habeas court will not review a petitioner's claims where the state court judgment rests on a state-law ground that is independent of the merits of the federal claim and an adequate basis for the court's decision. A procedural default is one type of independent and adequate state ground that bars a federal habeas court from reaching the merits of the underlying petition. *Harris v. Reed*, 489 U.S. 255, 262 (1989) ("[A]n adequate and independent finding of procedural default will bar federal habeas review of the federal claim . . ."). Habeas petitioners may avoid a procedural default "by showing cause for the default and prejudice, or that failure to consider the claim will result in miscarriage of justice, *i.e.*, the petitioner is actually innocent." *Sweet v. Bennett*, 353 F.3d 135, 141 (2d Cir. 2003).

Under New York law, a state court must "deny a motion to vacate judgment based on a constitutional violation where the defendant unjustifiably failed to argue the constitutional

9

violation on direct appeal despite a sufficient record." *Sweet*, 353 F.3d at 139; N.Y. Crim. Proc. Law § 440.10(2)(c). "New York courts have held that some ineffective assistance claims are 'not demonstrable on the main record' and are more appropriate for collateral or post-conviction attack, which can develop the necessary evidentiary record." *Id.* (quoting *People v. Harris*, 109 A.D.2d 351, 360 (2d Dep't 1985) (collecting cases)). Where the trial record is silent "with regard to facts critical to [a] defendant's claim," an ineffective assistance of counsel claim is ill suited for appeal on direct review. *Harris*, 109 A.D.2d at 360. Where, by contrast, the counsel's alleged error is apparent from the trial record, a criminal defendant must raise that claim on direct appeal. *Sweet*, 353 F.3d at 139–40.

Here, it is undisputed that Pierre did not bring an ineffective assistance of counsel claim on direct appeal, but rather first raised the issue in his motion to vacate. In deciding that motion, the Kings County Supreme Court determined that his ineffective assistance claim was procedurally barred, since Pierre did not raise the issue on direct appeal even though there were sufficient facts in the record to do so. (Mot. to Vacate Order at 196.) The Court of Appeals then denied leave to appeal. (Ex. N at 216.)

The Kings County Supreme Court's ruling that Pierre waived an ineffective assistance of trial counsel claim constituted an adequate and independent state ground, barring federal review. Pierre's ineffective assistance of counsel claim relates to his counsel's failure to call an expert witness, object to the admission of certain evidence, object to the trial court's jury instruction, renew his motion to dismiss, and conduct greater investigation and cross-examination of the state's expert witness. All of these possible objections to the trial counsel's performance were well established in the trial record. Pierre's failure to raise his ineffective assistance of counsel

10

claim on direct appeal waived the claim under § 440.10(2)(c). Accordingly, Pierre's claim is procedurally defaulted for the purposes of federal habeas review.

Pierre objects that a motion to vacate can be brought at any time and that, as a result, his ineffective assistance claim is not defaulted. (Resp't Br. at 5.) Pierre is correct that § 440.10(1) begins "[a]t any time after the entry of a judgment, the court in which it was entered may, upon motion of the defendant, vacate such judgment . . ." Nevertheless, the law goes on to say:

> "[T]he court must deny a motion to vacate a judgment when: . . . Although sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to the defendant's unjustifiable failure to take or perfect an appeal during the prescribed period or to his unjustifiable failure to raise such ground or issue upon an appeal actually perfected by him."

N.Y. Crim. Proc. L. § 440.10(2)(c). In other words, a court must deny a motion to vacate where the defendant could have raised the claim on direct appeal, but did not. Here, Pierre could have raised his ineffective assistance of trial counsel claim on direct appeal, but, because he did not, that claim is procedurally defaulted.

Pierre also appears to suggest that the last state court to deny Pierre's ineffective assistance claim reached the merits, thereby lifting the procedural default. (Resp't Br. at 7.) Pierre is correct that "state procedural bars are not immortal," and if "the last state court to be presented with a particular federal claim reaches the merits, it removes any bar to federal-court review that might otherwise have been avoidable." *Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991). Nevertheless, "a state court need not fear reaching the merits of a federal claim in an *alternative* holding. By its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law." *Harris*, 489 U.S. at 264 n.10

(emphasis in original); *see also Velasquez v. Leonardo*, 898 F.2d 7, 9 (2d Cir. 1990) (quoting *id.*).

Here, while the Kings County Supreme Court ruled that Pierre's ineffective assistance claim lacked merit, it did so only in the alternative. (Mot. to Vacate Order at 196.) The court also found that Pierre was procedurally barred under New York state law from bringing an ineffective assistance claim. Because a state law holding was a sufficient basis for the court's holding, Pierre's ineffective assistance of counsel claim is procedurally defaulted.

Pierre has not shown why his default should be excused. He does not allege actual innocence, and the only excuse for failing to raise an ineffective assistance of counsel claim on direct appeal the Court can envision is ineffective assistance of appellate counsel. *See Aparicio*, 269 F.3d at 91 ("A defense counsel's ineffectiveness in failing to properly preserve a claim for review in state court can suffice to establish cause for a procedural default only when the counsel's ineptitude rises to the level of a violation of a defendant's Sixth Amendment right to counsel.") (quoting *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000)). Pierre does not allege that he should be excused from procedural default. Furthermore, he has explained on several occasions that he does not allege ineffective assistance of appellate counsel. (Pierre Ltr. I; Pet'r Reply.) Accordingly, Pierre cannot avoid procedural default on his ineffective assistance of counsel claim.

## II. Denial of a Fair Trial

As explained above, the Court construes the Petition to allege that evidence improperly admitted under the "prompt outcry" exception to the rule against hearsay deprived Pierre of a fair trial.

Under New York law, "[e]vidence that the victim of a sexual attack promptly complained of the crime has long been deemed admissible as an exception to the hearsay rule . . ." *People v. Rice*, 75 N.Y.2d 929, 931 (1990). However, "only the fact of a complaint, not its accompanying details, may be elicited." *People v. McDaniel*, 81 N.Y.2d 10, 17 (1993); *People v. Rosario*, 17 N.Y.3d 501, 511 (2011) ("The prompt outcry rule – an exception to the inadmissibility of the prior consistent statements of an unimpeached witness – permits evidence that a timely complaint was made, but does not allow further testimony as to the details of the incident.") (internal quotation marks omitted).

At Pierre's trial, three witnesses – Naomi, Kercine, and Marie – testified that the victims – Kimberly and Cynthia – told them about Pierre's assault. In October, Naomi, Kercine, and Marie asked Kimberly and Cynthia about the assaults, and they confirmed that Pierre had assaulted them. The trial court ruled that it would allow "the very limited testimony of the witnesses that they asked the child, the victims, what happened, they told the nature, the subject of the allegation, and then what they did." (Pierre Br. on Direct Appeal at 15.) The court also said that it would instruct the jury that "[t]he testimony is admitted not to establish the truth of the complaint but only that the complaint was made." (*Id.*)

On direct appeal, Pierre argued that admission of the witnesses' testimony was impermissible under the prompt outcry exception for a variety of reasons. (Pierre Br. on Direct Appeal at 36–37.) First, there was no outcry because the victims revealed that they had been assaulted only in response to questioning. Second, the testimony constituted impermissible bolstering. Third, Naomi's testimony amounted to impermissible "double hearsay" because she testified about something that Elourdes, another family member, had told her. (*Id.* at 36.) On

13

appeal, the Appellate Division found Pierre's prompt outcry arguments partially unpreserved for appellate review and otherwise "without merit." *Pierre I*, 84 A.D.3d at 1.

To the extent Pierre's evidentiary claim was unpreserved, Pierre is procedurally barred from raising it here. "Failure to make objection at trial constitutes adequate procedural default" under New York law. *Garcia v. Lewis*, 188 F.3d 71, 79 (2d Cir. 1999) (citing *Fernandez v. Leonardo*, 931 F.2d 214, 216 (2d Cir. 1991)). The state court must "actually state[] that the issue was not preserved," as the court did in Pierre's case. *Jones v. Stinson*, 229 F.3d 112, 118 (2d Cir. 2000).

To the extent the Appellate Division found that Pierre's arguments were meritless, this Court does not disturb that conclusion. The Supreme Court has explained that "habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (internal quotation marks omitted). However, a federal habeas court may "review an error of state evidentiary law to assess whether the error deprived the petitioner of his due process right to a fundamentally fair trial." *Freeman v. Kadien*, 684 F.3d 30, 35 (2d Cir. 2012) (internal quotation marks omitted). In other words, a petitioner must show that the evidentiary ruling was not only an error under state law, but also that it denied him his constitutional right to a fair trial. *Zarvela v. Artuz*, 364 F.3d 415, 418 (2d Cir. 2004). An error is prejudicial where the wrongfully admitted evidence was "sufficiently material to provide the basis for conviction or to remove a reasonable doubt that would have existed on the record without it." *McKinnon v. Superintendent, Great Meadow Corr. Facility*, 422 F. App'x 69, 73 (2d Cir. 2011) (quoting *Collins v. Scully*, 755 F.2d 16, 19 (2d Cir. 1985)).

Assuming, without deciding, that the trial court erred in admitting this "prompt outcry" evidence, Pierre has not shown that this alleged error deprived him of a fundamentally fair trial.

The victims testified at trial and were subject to cross-examination. Defense counsel's cross-examination of the victims may have been partially successful, since Pierre was acquitted of all sexual charges relating to Cynthia and the October 1, 2005 sexual charges relating to Kimberly. Pierre also testified at trial, and the jury was able to weigh his credibility against the victims'. In addition, the trial judge specifically instructed the jury that the "prompt outcry" evidence was admitted "not to establish the truth of the complaint but only that the complaint was made." (*Id.*)

Given the amount of evidence against Pierre, defense counsel's opportunity to cross-examine the witnesses, and this limiting instruction, Pierre has not shown that the allegedly impermissible "prompt outcry" evidence had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993); *see also Newborn v. Smith*, No. 09-CV-4844 (SJF), 2013 WL 504391, at *7 (E.D.N.Y. Feb. 7, 2013) (admission of prompt outcry testimony was harmless where both the victim and defendant testified, and the witnesses only corroborated the victim's testimony without providing impermissible details); *Rice*, 75 N.Y.2d at 932 (holding that although certain admitted evidence exceeded the scope of the "prompt outcry" exception, the error was harmless in light of the victim's identification of the defendant).

## CONCLUSION

For the reasons stated above, Pierre's petition for a writ of habeas corpus (Doc. No. 1) is denied.

A certificate of appealability shall not be issued as Pierre has not made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b); *Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith,

and therefore, *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to mail a copy of the Order and judgment to Tedy Pierre, note the mailing on the docket, and close the case.

SO ORDERED.

Dated: Brooklyn, New York
March 22, 2019

s/Roslynn R. Mauskopf
_____
ROSLYNN R. MAUSKOPF
United States District Judge

16